UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOHAMMED SAMADMIAH,

                        Plaintiff,

-against-                        Case No.: 1:08-cv-06139-JGK

OSI COLLECTION SERVICES, INC.,

                        Defendant.
------------------------------------------------------------X

## OSI COLLECTION SERVICES, INC'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, OSI Collection Services, Inc. ("OSI"), through counsel and pursuant to the Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses to Plaintiff's Complaint, and states:

### INTRODUCTION

1.    OSI admits that Plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") as alleged in ¶ 1, but denies any and all violations, wrongdoing, and liability under the law.

### PARTIES

2.    OSI admits that plaintiff is a natural person residing in this District, unless shown otherwise by discovery. OSI denies the remaining allegations in ¶ 2 of Plaintiff's Complaint for lack of knowledge and as calling for a legal conclusion.

3.    OSI admits that it is a foreign corporation incorporated in Delaware, and that its registered agent in New York is CT Corporation System, 111 Eighth Avenue,

New York, NY, 10011. OSI denies the remaining allegations in ¶ 3 of Plaintiff's Complaint as calling for a legal conclusion.

### JURISDICTION AND VENUE

4. OSI admits the allegations in ¶ 4 of Plaintiff's Complaint for jurisdictional and venue purposes only, unless shown otherwise by discovery.

### AS AND FOR A FIRST CAUSE OF ACTION

5. OSI reasserts its responses to paragraphs 1 through 4 as if fully stated herein.

6. Answering paragraph 6, OSI admits that its records show that on or about July 3, 2007 it sent a letter to plaintiff, the original being the best evidence of its contents. Except as specifically admitted, OSI denies the allegations in ¶ 6 of Plaintiff's Complaint.

7. Answering paragraph 7, OSI admits that its records show that on or about July 25, 2007 OSI received a letter regarding plaintiff's account, the letter being the best evidence of its contents. Except as specifically admitted, OSI denies the allegations in ¶ 7 of Plaintiff's Complaint.

8. Answering paragraph 8, OSI admits that its records show that it sent a letter to plaintiff's attorneys, Fagenson & Puglisi, on or about September 5, 2007, the letter being the best evidence of its contents. OSI denies the remaining allegations in ¶ 8 of Plaintiff's Complaint.

9. Answering paragraph 9, the original letter speaks for itself and is the best evidence of its contents. OSI denies the allegations in ¶ 9 of Plaintiff's Complaint to the extent that plaintiff alleges otherwise.

10. OSI denies the allegations in ¶ 10 of Plaintiff's Complaint and respectfully refers all questions of law to the court.

## AS AND FOR A SECOND CAUSE OF ACTION

11. OSI reasserts its responses to paragraphs 1 through 10 as if fully stated herein.

12. OSI denies the allegations in ¶ 12 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES BY OSI

1. Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of OSI, or for whom OSI is not responsible or liable.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. One or more of plaintiff's claims are barred by the applicable statute of limitations, laches, waiver, estoppel, and/or unclean hands.

4. Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violation is established, any such violation was not intentional and resulted from *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

OSI reserves the right to assert additional affirmative defenses during the course of discovery and at trial, as necessary.

WHEREFORE, OSI respectfully requests that the Court dismiss this action with prejudice and grant OSI any other relief that the Court deems appropriate.

Respectfully submitted,

_____
Kevin Barry McHugh  (KBM 5924)
LAW OFFICES OF EDWARD GARFINKEL
110 William Street, 17th Floor
New York, NY 10038
Telephone: 212-809-8000
Facsimile: 212-344-8263
kevin.mchugh@aig.com

Attorney for Defendant,
OSI Collection Services, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 25th day of July, 2008, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Novlette Rosemarie Kidd
FAGENSON & PUGLISI
450 Seventh Avenue, Suite 3302
New York, NY 10123

_____
Attorney